United States District Court
Southern District of Texas
FILED

MAY 15 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| **AMBER LEE PARKER,** § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 7:23-CV-0101 |
| VS. § | |
| § | |
| T. HAWKINS, Warden, FPC Bryan, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner AMBER LEE PARKER, a federal prisoner proceeding pro se, has initiated this action by filing a Petition for a Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Dkt. No. 1).

Petitioner was charged, convicted, and sentenced out of the United States District Court for the Southern District of Alabama. After sentencing, she was transferred to the Federal Bureau of Prisons' federal prison camp in Bryan, Brazos County, Texas ("FPC Bryan"), where she is currently housed. For reference, Brazos County is in the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2) (listing counties comprising the Houston Division).

Now, Petitioner raises a challenge to the calculation or duration of her federal sentence, arguing that she should receive credit for time served in concurrent state custody.[1] The nature of Petitioner's challenge invokes the question of whether this case should be transferred to the judicial division where Petitioner is housed and, thus, where her custodian or warden is located.

---

[1] For avoidance of doubt, § 2241 is the proper vehicle for a challenge to the way in which federal officials calculate the length of a sentence. *See Ramirez v. Withers*, 2013 WL 788419, at *1 (S.D. Tex. Feb. 5, 2013) (citing *Pack v. Yusuff*, 218 F.3d 448, 551 (5th Cir. 2000)), *report and recommendation adopted*, 2013 WL 788202 (S.D. Tex. Mar. 1, 2013). Falling within this type of challenge are complaints about the lack of credit for a concurrent state sentence. *See Williams v. Pearce*, 2013 WL 1694658, at *1-3 (W.D. Tex. Apr. 18, 2013).

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the Houston Division.

## I. BACKGROUND

Petitioner was charged by indictment in the Southern District of Alabama with one count of conspiracy to possess with intent to distribute methamphetamine. *United States v. Parker*, Case No. 1:20-cr-00122-TFM-N-32 (S.D. Ala.). In May 2022, Movant was sentenced, upon her plea of guilty, to a term of imprisonment of 48 months. *United States v. Parker*, 2022 WL 1553792, at *1 (S.D. Ala. May 16, 2022). The sentencing court specifically ordered that the federal prison term "run concurrently with [some] previously imposed state custody cases" referenced in Petitioner's presentence report. *Id.*

At some point after sentencing, Petitioner was transferred to FPC Bryan. Again, FPC Bryan is in Brazos County, which is within the jurisdiction of this district's Houston Division. *See* 28 U.S.C. § 124(b)(2). Petitioner filed the Petition, dated March 25, 2023, while housed at FPC Bryan. (*See* Dkt. No. 1 at 9).

Through the Petition, Petitioner notes that, despite the judgment that her federal sentence run concurrently with the prior state sentences, federal officials "[are] refusing to credit [her] state prison time." (*Id.* at 2). In terms of relief, Petitioner "request[s] that [she] be granted credit for [the] time served" on the state prison sentence.

Recently, the Magistrate Judge issued an order concerning Petitioner's failure to either pay the $5 filing fee associated with the filing of a habeas petition or seek leave to proceed in forma pauperis. (*See* Dkt. No. 2). Through that order, Petitioner was also advised that, if she decided to continue with this action, the Magistrate Judge would likely recommend that the case be

transferred. (*Id.* at 2-3). Accordingly, Petitioner was afforded the option of either paying the filing fee, applying to proceed in forma pauperis, or voluntarily dismissing the case so it could be re-filed in the Houston Division. (*Id.* at 3).

Petitioner has since paid the $5 filing fee.

## II. ANALYSIS

A § 2241 petition is properly filed in the district court having jurisdiction over the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434, 442 (2004) (citing 28 U.S.C. §§ 2241, 2242, 2243).

That said, when a petitioner files for § 2241 relief in the correct district but in a division other than the one in which they are incarcerated, it is typical for the action to be transferred, for the convenience of the parties and witnesses and in the interest of justice, to the division of incarceration. *See United States v. Thomas*, 2009 WL 5088766, at *1 (S.D. Tex. Dec. 21, 2009) (citing 28 U.S.C. § 1404(a)) (transferring § 2241 petition from the Corpus Christi Division to the Laredo Division, where the petitioner was incarcerated); *see also Marroquin v. Longoria*, 2020 WL 13556064, at *1 (S.D. Tex. May 13, 2020) (citing *Thomas*, 2009 WL 5088766, at *1); *Jones v. Stephens*, 2023 WL 219343, at *1 (E.D. Tex. Jan. 17, 2023).

Since the Petition was filed, Petitioner has been confined at FPC Bryan.[2] As noted, FPC Bryan is in the Houston Division. Because FPC Bryan, and thus Petitioner's custodian, or warden, are in the Houston Division, rather than the McAllen Division, it is proper to transfer this case to the Houston Division for the convenience of the parties and witnesses and in the interest of justice.

---

[2] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 15, 2023).

## III. CONCLUSION

### *Recommendation*

For these reasons, the Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the Houston Division.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Petitioner by any receipted means.

DONE at McAllen, Texas this 15th day of May 2023.

J. SCOTT HACKER
United States Magistrate Judge