United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMBER LEE PARKER, (BOP # 14710-509), *Petitioner*, vs. T. HALL, Warden of FPC Bryan,[1] *Respondent*. | § § § § § § § § § § § § § § CIVIL ACTION NO. H-23-4210 |

## MEMORANDUM OPINION AND ORDER

Federal inmate Amber Lee Parker, (BOP # 14710-509), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the manner in which her federal sentence is being administered and specifically contending that she is being improperly denied credit against her federal sentence for time served on her state sentence. (Dkt. 1, pp. 2, 6). The Court ordered the respondent to answer the petition, (Dkt. 8), and Warden Hall responded with a motion for summary judgment, supported by authenticated records. (Dkt. 13). Parker did not file a reply, and her time to do so has now expired. Having reviewed the petition, the motion, all matters

---

[1]The previously named respondent in this action was Tonya Hawkins. Tanisha Hall has now succeeded Hawkins as Warden of the Federal Prison Camp in Bryan, Texas. Under Rule 25(d) of the Federal Rules of Civil Procedure, Hall is automatically substituted as a party.

of record, and the law, the Court determines that Warden Hall's motion should be granted, and Parker's petition should be dismissed without prejudice. The reasons are explained below.

I.     **BACKGROUND**

In 2018, the State of Alabama charged Parker with numerous theft and drug-related offenses. (Dkt. 13-1, pp. 23-24, 28-31). She was originally released on bail, but her bail was revoked after her arrest for several vehicle violations. (*Id.*). Parker subsequently pleaded guilty to various charges, and on October 2, 2019, she was sentenced to a total term of 15 years in state prison. (*Id.* at 46, 50). Parker received credit against her state prison sentence for the time she had spent in custody since her arrest. (*Id.*).

On October 8, 2020, Parker was indicted in federal court on various drug-related charges. (*Id.* at 25). She pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, and on May 12, 2022, the federal court sentenced her to a 48-month term of imprisonment, to be served concurrently with her remaining state sentence. (*Id.* at, 25, 63-68). Parker was returned to state custody to complete her state sentence. (*Id.* at 60). In October 2022, Parker completed her state sentence, and she was transferred to federal custody to serve any remaining portion of her federal sentence. (*Id.*).

On March 29, 2023, Parker filed her § 2241 petition,[2] alleging that her federal sentence was being administered improperly because she was being denied credit for the time she served on her state sentence. (Dkt. 1, pp. 2, 6). She alleges that because her federal sentence was ordered to run concurrently with her state sentence, she should receive full credit against her federal sentence for the time she had already served in state prison. (*Id.* at 6). Parker asks this Court to grant her credit against her federal sentence for the time served in state prison. (*Id.* at 7).

## II. APPLICABLE LAW

### A. Motions for Summary Judgment

Warden Hall moves for summary judgment in her favor. Summary judgment is proper when the record shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). "The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial." *Id.* (cleaned up).

---

[2]Parker originally filed her petition in the McAllen Division of the Southern District of Texas. (Dkt. 1, p. 9). On November 7, 2023, the case was transferred to the Houston Division. (Dkt. 7).

3

When determining whether issues of fact exist that would preclude summary judgment, the Court must view any disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted). This general rule "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). If the moving party satisfies this burden, the nonmoving party must point to record evidence that supports a conclusion that genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rely on the allegations or denials in pleadings or on her own unsubstantiated assertions to avoid summary judgment. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). After viewing all the evidence in the light most favorable to the nonmoving party, summary judgment may be granted if the nonmoving party has failed to show that disputed issues of fact exist as to every element essential to her case on which she bears the burden of proof. *See Celotex*, 477 U.S. at 322-23.

**B.** *Pro Se* **Pleadings**

Parker is representing herself in this habeas proceeding. Habeas petitions filed by *pro se* litigants are not held to the same standards as pleadings filed by lawyers, and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S.

4

519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* litigants "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

### III.   DISCUSSION

Warden Hall argues that Parker's petition should be dismissed because she failed to exhaust the administrative remedies available to her through the Bureau of Prisons before filing her habeas petition.

The law is well settled that a prisoner must exhaust all available administrative remedies before challenging the administration of his or her sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion doctrine requires the prisoner to "fairly present all of his claims" through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). Prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.

5

2001). Similarly, prisoners who either start or continue administrative remedy proceedings after filing their habeas petition have not satisfied the exhaustion requirement. *See Fuller*, 11 F.3d at 62; *see also Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. Apr. 21, 2003) (per curiam) (administrative appeal filed "right after" the prisoner filed his habeas petition did not satisfy the exhaustion requirement). When a prisoner fails to exhaust her available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

Relevant to a claim for credit for time served in another prison, the Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *See* 28 C.F.R. §§542.10–542.18.[3] In the first step, the prisoner presents the issue to staff at the facility where she is housed using a BP-8 form, and staff attempts to informally resolve the issue. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days in which to respond

---

[3]Warden Hall also provided documentation concerning the administrative remedy process in an affidavit from FPC Bryan Captain Sara Paritsky attached to her motion. (Docket Entry No. 13-1, pp. 5-12).

6

to the request, but this time may be extended once for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the request is deemed denied. *Id.* If the prisoner is not satisfied with the warden's response, the third step requires the prisoner to appeal to the Regional Director within 20 days of the warden's response by submitting a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days in which to respond to the appeal, but this 30-day period may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days of that response to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. That Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

The evidence provided by Warden Hall shows that Parker failed to fully exhaust her administrative remedies before filing her habeas petition. Parker submitted an Administrative Remedy Request on a BP-9 form to officials at FPC

7

Bryan on April 17, 2023—three weeks after she filed her federal habeas petition. (Dkt. 13-1, pp. 3, 15, 20). Parker withdrew her request on May 7, 2023, after prison officials explained the rules for applying jail time credits. (*Id.* at 18). Parker did not further pursue her administrative remedies by submitting either a BP-10 or BP-11 form.

Parker did not respond to Warden Hall's motion, and she has not met her burden to show that there are factual disputes material to the issue of whether she properly and fully exhausted her available administrative remedies. The undisputed record evidence shows that Parker filed her § 2241 petition before she started to pursue her administrative remedies. This fact alone establishes that she has not met the exhaustion requirement. *See Fuller*, 11 F.3d at 62. In addition, once Parker started the administrative remedy process, she voluntarily withdrew her claim without pursuing her administrative remedies to conclusion. By failing to pursue the available administrative remedies to conclusion, Parker also failed to exhaust her administrative remedies. *See Wright*, 260 F.3d at 358 (holding that prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies). Parker's petition must be dismissed without prejudice for lack of exhaustion.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent Hall's motion for summary judgment, (Dkt. 13), is **GRANTED**.

2. Parker's petition under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED without prejudice** for failing to exhaust her available administrative remedies.

3. Any pending motions are **DENIED as moot**.

4. No certificate of appealability will issue from this decision. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010) ("[A] COA is not required to appeal the denial of a § 2241 petition." (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000))).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____Feb 27_____, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE